```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| BRUCE WALKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY DEPARTMENT OF | : | |
| PROBATION/PAROLE, et al. | : | NO. 08-5952 |

## M E M O R A N D U M

YOHN, J.                                  JANUARY 26, 2009

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against a Judge of the Lehigh County Court of Common Pleas, the Lehigh County District Attorney, a public defender and the Supervisor of the Lehigh County Department of Adult Probation and Parole. He is alleging that his imprisonment is unconstitutional. He is seeking money damages and release from custody.

## I. STANDARD OF REVIEW

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(e) was clarified by the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989). Dismissal under § 1915(e) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." Id. at 327.

## II. DISCUSSION

### A. Judicial Immunity

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in

this complaint suggests that Judge Edward D. Riebman was acting outside of his judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against Judge Riebman must be dismissed.

### B. Prosecutorial Immunity

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. There is nothing in the complaint to suggest that District Attorney Robert Schopf acted outside of the scope of his prosecutorial duties in connection with plaintiff's criminal trial. Accordingly, the claims against District Attorney Robert Schopf will also be dismissed.

### C. Defense Attorneys

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, plaintiff's public defender, Andrea Oslousky, Esq., cannot be sued under § 1983.

D.  Unconstitutional Imprisonment Claims

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Id</u>. at 486-87 (footnotes omitted). Since plaintiff has not demonstrated that his conviction or sentence has been invalidated, his claim for damages must be dismissed without prejudice. See <u>Shelton v. Macey</u>, 883 F. Supp. 1047, 1050 (E.D. Pa. 1995) (determining that <u>Heck</u> mandates a dismissal of plaintiff's claim without prejudice to renew if and when his state court conviction is legally invalidated).

E.  Release From Incarceration

Finally, plaintiff is requesting "an immediate release from custody". Such a request may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).

III. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate. An order dismissing this complaint follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

BRUCE WALKER                          :    CIVIL ACTION
                                      :
        v.                            :
                                      :
LEHIGH COUNTY DEPARTMENT OF           :
PROBATION/PAROLE, et al.              :    NO. 08-5952

### O R D E R

AND NOW, this 26 day of January, 2009, IT IS ORDERED that:

    1.   Leave to proceed in forma pauperis is GRANTED.

    2.   This action is **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for the reasons stated in the accompanying memorandum filed this day.

AND IT IS SO ORDERED.

BY THE COURT:

_____
WILLIAM H. YOHN, JR. J.